UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHELLE DIMANCHE,<br><br>　　　　Plaintiff<br>v.<br>MASSACHUSETTS BAY TRANSPORTATION AUTHORITY, WILLIAM MCCLELLAN, STEPHANIE BRADE, SHERYL REGISTER, MAXINE BELL, FRED OLSON, and CHERYL ANDERSON<br>　　　　Defendants | C.A. No: 15-10037-WGY |

**MOTION TO SET ASIDE THE ENTRY OF DEFAULT
BY THE MASSACHUSETTS BAY TRANSPORTATION AUTHOURITY**

Now comes the Massachusetts Bay Transportation Authority ("MBTA") and moves this Honorable Court to set aside the Notice Default issued on June 2, 2015. As reasons therefore, the MBTA submits that: (1) the default was caused by a clerical error in that service of the summons and Complaint was made on February 20, 2015 upon the MBTA Treasurer's Office. For reasons not known, the Complaint was not thereafter logged into the Law Department that day as per standard procedure. But for the log by the Treasurer's Office, there is no evidence that the Complaint was received by the Law Department; (2) there is no prejudice to the Plaintiff because there are six (6) employees or former employees named as individual defendants and, upon information and belief, none of them have been served with the Complaint. Therefore, their time to file a responsive pleading

has not yet been established. Setting aside the default will not delay the proceedings; and (3) the MBTA has a meritorious defense as the Massachusetts Commission Against Discrimination ("MCAD") investigated many of the allegations made in the present Complaint and determined that there was a lack of probable cause to establish discrimination or retaliation as alleged by the Plaintiff.

## FACTS

The facts concerning the service of the summons and Complaint and the clerical error that followed which caused the default by the MBTA are contained in the Affidavit of Kevin S. McDermott, Assistant General Counsel for the MBTA being filed with this motion.

Plaintiff filed an Application for Default on May 26, 2015. Subsequently, a Notice of Default ("Notice") was entered by this Court, pursuant to Fed. R. Civ. P. 55(a), on June 2, 2015. Along with the Notice, this Court simultaneously issued a Standing Order Regarding Motions for Default Judgment ("Order"). Pursuant to the Order, the MBTA has 14 days from the date of the Motion to file substantiated opposition to the default motion and to request a hearing thereon. (See Order, ¶2). Accordingly, the MBTA has until end of business on June 9, 2015, to file a Motion to Set Aside the Default.

**LEGAL STANDARD**

"When a party whom a judgment for affirmative relief is sought fails to plead or defend, and the failure is shown by affidavit or otherwise, the clerk must enter a party's default." Fed. R. Civ. P. 55(a). A court may set aside an entry of default for good cause. This standard is a liberal one. *Coon v. Grenier*, 867 F.2d 73, 76 (1st Cir.1989); *as cited by* *United States v. $23,000 in U.S. Currency*, 356 F.3d 157, 164 (1st Cir. 2004).

"The three factors typically considered in determining whether good cause exists to set aside the entry of default are (1) whether the default was willful, (2) whether setting it aside would prejudice the adversary, and (3) whether a meritorious defense is presented. *Indigo America, Inc. v. Big Impressions, LLC*, 597 F.3d 1 (1st Cir. 2010).

The three factors are not the exclusive list of factors considered by the court. "There is no mechanical formula for determining whether good cause exists and courts may consider a host of relevant factors. *Id* at 3. Thus, courts also consider factors to a Rule 55(c) good cause defense such as: the nature of the defendant's explanation for the default; the good faith of the parties; the amount of money involved; the timing of the motion to set aside the entry of default. *Id.*

**ARGUMENT**

**A) THE DEFAULT WAS NOT WILLFUL**

The summons and Complaint were properly served. The cause of the default was that there was some error made by a staff person in either the MBTA Treasurer's Office or the Law Department when transferring the summons and Complaint to the Law Department. The result was that there was no documentation or evidence in the Law Department that the Complaint was received. Until it received this Court's Notice of Entry of Default on June 8, 2015, the Law Department attorneys had no notice of the pending action. On information and belief, this is not an error that has occurred before. A mistake or error was made, but it was clearly not willful.

**B)  THERE IS NO PREJUDICE TO PLAINTIFF BY SETTING ASIDE THE ENTRY OF DEFAULT**

Plaintiff has named six (6) employees or former employees of the MBTA as individual defendants.  On information and belief, none of them have been served with the Complaint or have any knowledge of the present action. The time for them to file a responsive pleading has not been established. Likely, the MBTA Law Department will represent the individuals or contract outside counsel to represent them. In any event, there is no delay to the proceedings by setting aside the default.

C)      **THE MBTA HAS A MERITORIOUS DEFENSE TO THE ALLEGATIONS**

Plaintiff made allegations of discrimination and retaliation concerning many of the same events as in the present Complaint to the MCAD in MCAD cases numbered 12-BEM-01089 and 12-BEM-00316. The MCAD dismissed both cases after finding a lack of probable cause to merit the allegations of discrimination and retaliation. (Investigative Dispositions attached as "A" and "B" to the Affidavit of Counsel.) On October 22, 2014, after the lack of probable cause findings, counsel for Plaintiff withdrew the case from the MCAD.

The MCAD findings are not binding on this Court. However, the findings demonstrate that the MBTA has meritorious defenses to Plaintiff's allegations. Moreover, from the plain reading of the Complaint statute of limitations defenses may be available to the MBTA and several individual defendants.

### CONCLUSION

There is a preference for resolving disputes on the merits. *Conetta v. National Hair Care Centers, Inc.,* 236 F. 2d 67, 75 (1st Cir 2001) In this case, there is no reason not to set aside the default because the MBTA has set forth facts and argument demonstrating that the default was not willful and that it will not prejudice Plaintiff in the least to set aside the default. Moreover, Plaintiff's counsel represented her in two (2) cases before the MCAD. This office defended those cases. Both resulted

5

in the MCAD dismissing the allegations because it found there was no probable cause. This demonstrates that the MBTA has meritorious defenses. Also, it is disheartening that Plaintiff's attorney did not contact the attorneys who represented the MBTA before the MCAD on these very allegations to inform them of the present case before filing an application for default. Although he had no duty to do so, it is disheartening nevertheless.

For all the foregoing, the MBTA respectfully moves this Court to set aside the Default.

MBTA,
by its attorney,

/s/ Kevin S. McDermott
Kevin S. McDermott, BBO # 544513
Assistant General Counsel
MBTA Law Department
Ten Park Plaza, Suite 7760
Boston, MA  02116
(617) 222-4756
kmcdermott@mbta.com

## CERTIFICATE OF SERVICE

I, Kevin S. McDermott, certify that on June 9, 2015, this document was filed electronically through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to any persons indicated as non-registered participants.

/s/Kevin S. McDermott
Kevin S. McDermott