**The Commonwealth of Massachusetts**
**Commission Against Discrimination**
One Ashburton Place , Boston, MA 02108
Phone: (617) 994-6000  Fax: (617) 994-6024

## - DISMISSAL and NOTIFICATION of RIGHTS -

| To: | Michelle S, Dimanche | Case: Michelle Dimanche v. MBTA |
| --- | --- | --- |
| | P.O. Box.365998 | MCAD Docket Number: 12BEM01089 |
| | Hyde Park, MA 02136 | EEOC Number: 16C-2012-01489 |
| | | Investigator: Christopher Wester, Legal Intern |

Your complaint has been dismissed for the following reasons:      *Mailed 8/22/14*

[ ]   The facts alleged fail to state a claim under any of the statutes the Commission enforces.

[ ]   Respondent employs less than the required number of employees.

[ ]   Your complaint was not timely filed with the Commission, i.e. you waited too long after the date(s) of the alleged discrimination to file. Because it was filed outside the time limit prescribed by law, the Commission cannot investigate your allegations.

[ ]   You failed to provide requested information, failed or refused to appear or to be available for necessary interviews/conference, or otherwise refused to cooperate to the extent that the Commission has been unable to resolve your complaint. You have had more than 30 days in which to respond to our written request.

[ ]   The Commission's efforts to locate you have been unsuccessful. You have had at least 30 days in which to respond to a notice sent to your last known address.

[ ]   The Respondent has made a reasonable settlement, offering full relief for the harm you alleged. 30 days have expired since you received actual notice of this settlement offer.

[X]   The Commission issues the following determination. Based upon the Commission's investigation, the Commission is unable to conclude that the information obtained establishes a violation of the statutes. This does not certify that the Respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this complaint.

[ ]   Other (briefly state)

### - NOTICE of APPEAL -

If you wish to appeal the dismissal of your complaint and believe that the above stated reason for dismissal is incorrect, you may appeal to this Commission within 10 days after receipt of this notice. You or your attorney must make your appeal of the dismissal in writing to the appeals clerk of this Commission. **Attention: Nancy To.**

All employment complaints, where applicable, were filed by the MCAD with the Equal Employment Opportunity Commission. Our finding, which will be forwarded to its area office, JFK Federal Building, Boston, MA will be given substantial weight provided that such findings are in accordance with the requirements of Title VII of the Civil Rights Act of 1964, the ADEA, and/or the ADA, as amended.

_____          _____8/22/14_____
Sunila Thomas-George                                         Date
Investigating Commissioner

MCAD Docket Number 12BEM01089, Dismissal and Notification of Rights with Appeal Rights        Page   1

Cc:

Kevin S, McDermott, Assistant General Counsel
MBTA Law Department
10 Park Plaza, Suite 7760
Boston, MA 02116

MBTA
Human Resources/ Legal Dept.
10 Park Plaza
Boston, MA 02110

## INVESTIGATIVE DISPOSITION

Case Name:            Michelle Dimanche v. MBTA[1]
MCAD Docket No.:      12BEM01089
EEOC Docket No.:      16C-2012-01489
No. of Employees:     25+
Investigator:         Christopher Wester, Legal Intern
Recommendation:       **Lack of Probable Cause**

---

Introduction
Complainant filed the initial complaint on May 02, 2012 against the Massachusetts Bay Transportation Authority (MBTA) alleging discrimination based on race/color (black), national Origin (Haitian), gender (female), and retaliation in violation of M.G.L. c. 151B, §4, ¶¶ 1, 4, and Title VII of the Civil Rights Act of 1964, as amended.

On December 11, 2012, this Commission granted Complainant's request to amend the original complaint to include further allegations of discrimination and retaliation in violation of M.G.L. c. 151B, §4, ¶¶1, 4, and Title VII of the Civil Rights Act of 1964, as amended.

On February 7, 2012, this Commission granted Complainant's request to amend the original complaint to include further allegations of discrimination and retaliation in violation of M.G.L. c. 151B, §4, ¶¶1, 4, and Title VII of the Civil Rights Act of 1964, as amended.

Complainant's Allegations
Complainant alleges that she began working with the MBTA in May 2000 as a part-time Streetcar Motor Person in the Green Line Department. In June 2002, Complainant was promoted to full-time status with the MBTA. Complainant alleges that since she began working with the MBTA in 2000, she experienced harassment by co-workers and supervisors based on her national origin and race/color, and that this adverse conduct created a hostile work environment. Complainant alleges that the hostile work environment was exacerbated further by the dismissive attitude that she received from the MBTA in response to reports and grievances that she filed internally and with her local union. Complainant asserts that the MBTA ignored or dismissed each complaint that she filed regarding the discriminatory behavior, beginning in October 2009. Furthermore, Complainant asserts that the MBTA retaliated against her by issuing disciplinary actions against her. Specifically, Complainant asserts that she received five (5) disciplinary suspensions without justification since August 2011.

---

[1] Complainant filed companion cases, Docket Nos. 10BEM02216, 12BEM00316, and 13BEM02681

Complainant asserts that she experienced discriminatory and harassing behavior from most of the supervisory staff that she came into contact with throughout her tenure with the MBTA. Complainant alleges that Mr. William McClellan (supervisor), Chief of the Green Line, continuously harassed and dismissed Complainant since August 2011. Specifically, Complainant asserts that Chief McClellan dismissed Complainant in December 2011 when she informed him of an incident saying to her in an angry manner that since he now was in a higher position than her, "…he could get back to her whenever he wanted…" Complainant also alleges that in January 2012, Chief McClellan verbally assaulted her while she was performing a specific duty at Park Street Station that was allegedly ordered by the Central Control of the MBTA – looping her train around the station in order to avoid service delays. In this incident, Complainant asserts that Chief McClellan said to her in a disrespectful manner, "Who do you think the hell you are? You can loop by yourself?" Complainant further asserts that on April 29, 2012, she was operating a train into the Park Street Station, and rang the train bell to warn customers as she approached. Complainant alleges that as her train entered the station Chief McClellan approached the vehicle, and said to her, "Stop ringing the bell idiot." Complainant asserts that she is unaware of any other employees to whom Chief McClellan has spoken to in this manner, and believes that Chief McClellan intentionally embarrassed and harassed Complainant.

Complainant further alleges that on May 2, 2012, she met with Chief McClellan and Superintendent Tamieka Thibodeaux (supervisor), and that she was unjustifiably suspended for two weeks without pay, and received a "final warning." Complainant alleges that the suspension was a result of a customer report to the MBTA in which it stated: while entering or disembarking from a vehicle, a door of the train that Complainant was operating closed on the customer. Complainant alleges that she did not see a copy of the customer report at any point during the disciplinary meeting.

Complainant further alleges that on February 7, 2013 she received a 30-day suspension and recommendation for discharge from Chief McClellan regarding an alleged incident that took place on January 25, 2013 between Complainant and another employee. Complainant adamantly denies that she was involved in any incident on January 25, 2013, and believes that this discipline and retaliation are direct evidence of Respondent's discriminatory harassment based on her race, national origin, and gender. Complainant alleges that she was wrongfully terminated on February 7, 2013.

Respondent's Position
Respondent denies that it discriminated against Complainant in any manner, and also denies that it retaliated against Complainant.

With respect to all of Complainant's allegations against Chief McClellan from December 2011 through April 29, 2012, Respondent asserts that, "…[Chief McCellan] has not been in the presence of Complainant, and that he has not had any conversation with her since December 2011…" Furthermore, Respondent asserts that the only interaction that Mr. McClellan had with Complainant in or around December 2011 was a moment when

Complainant entered the employee office at the Reservoir Station to collect an envelope. Respondent asserts that Complainant's allegations involving Mr. McClellan are in error.

With respect to Complainant's allegation that Mr. McClellan verbally assaulted Complainant at the Park Street Station on April 29, 2012, Respondent asserts that Mr. McClellan was not at the Park Street Station that day as it was his day off. With respect to Complainant's allegation that Mr. McClellan issued Complainant a "final warning" and a two-week suspension on May 2, 2012, Respondent asserts that Mr. McClellan did not have any contact with Complainant after December 2011, and thus, Mr. McClellan was not actually present at the meeting that was held on May 2, 2012. Furthermore, Respondent asserts that a copy of the Original Interview Slip from that meeting shows that Complainant's union representative and a witness signed the slip, but that Complainant refused to sign. Respondent asserts that the report shows that "Frederick Wm. Olson" signed the document for MBTA Management, not Mr. McClellan. Respondent asserts that Complainant's allegations against Mr. McClellan regarding the May 2, 2012 are in error.

Respondent admits that Complainant did receive disciplinary actions, but contests Complainant's allegation that all actions referred to were issued after August 2011. Rather, Respondent asserts that Complainant's disciplinary record shows that the five most recent actions around the date of Complainant's filing of the instant complaint took place on December 9, 2010, May, 25, 2011, June 2, 2011, August 5, 2011, and May 2, 2012. Furthermore, Respondent asserts that each action was given to Complainant with respect to rule violations and absenteeism. Additionally, Respondent asserts that Complainant appealed two disciplinary actions through the internal grievance and arbitration processes through the union's Collective Bargaining Agreement, and that those two disciplinary actions were ultimately upheld. Respondent asserts that it had legitimate, nondiscriminatory business reasons for issuing disciplinary actions against Complainant.

Respondent admits that it held a disciplinary meeting on February 7, 2013 with Complainant, accompanied by her union representative, and that this meeting resulted in Complainant's 30-day suspension and ultimate termination. Respondent asserts that the decision to terminate Complainant was made after a careful evaluation of Complainant's documented disciplinary record that culminated with an incident that occurred on January 25, 2013 between Complainant and a fellow Streetcar Motorperson. Respondent alleges that the decision to terminate Complainant was motivated entirely by nondiscriminatory, legitimate business reasons: failure to comply with the MBTA's rules and policies pertaining to courtesy, professional conduct, and job safety.

Summary of Investigation and Analysis

*Termination Based on Race/Color, National Origin, & Gender*
In order to prove a prima facie case of termination based on protected class status, Complainant must be able to show that (1) she is a member of all protected classes, (2) that she was satisfying the normal requirements of the job, (3) that she was terminated, and (4)

that there exists similarly situated employees who are not in the protected class, and who were not terminated.

It is undisputed that Complainant is a member of the protected classes of race/color (black) national origin (Haitian), and gender (female). Complainant asserts that throughout her tenure with the MBTA, she satisfactorily met the requirements of her position. It is undisputed that Complainant was terminated on February 7, 2013. Complainant submits that there are other employees at the MBTA not within her protected classes who were not terminated despite their allegedly poor disciplinary records. However, investigation reveals that the MBTA uses a "progressive disciplinary policy." Through this policy, the discipline imposed becomes more severe with each rule infraction. Investigation reveals that those whom Complainant asserts as similarly situated employees do not serve as proper comparators since they were all in earlier stages of the progressive disciplinary policy than Complainant.

Even if Complainant demonstrated a prima facie case of discriminatory termination, Respondent submits evidence of legitimate non-discriminatory reasons for termination: poor performance. Respondent submits evidence of Complainant's documented disciplinary record that shows rule violations regarding professional conduct and safety dating back to October 31, 2000, as well as documentation that Complainant attended professional conduct and safety training courses throughout her tenure with the MBTA. Investigation thus reveals that Respondent offered multiple opportunities through which Complainant was given the chance to rectify the disciplinary behavior.

Complainant asserts, as pretext for her termination on February 7, 2013, multiple comments made by Mr. McClellan since December 2011. However, investigation reveals that such comments were not based on Complainant's membership in protected classes.

A finding of Lack of Probable Cause is recommended for Complainant's allegation of discriminatory termination.

*Retaliation*
In order to prove a prima facie case of retaliation, Complainant must be able to show that (1) she engaged in conduct that is protected under M.G.L. c. 151B, (2) that the employer was aware of the protected activity, (3) that Complainant suffered an adverse employment action, and (4) that there is a causal connection between the protected conduct and adverse employment action.

It is undisputed that throughout her employment with the MBTA Complainant filed multiple internal complaints with the ODCR and her local union regarding the alleged discriminatory harassment. Complainant alleges that she experienced ongoing and continuous retaliation from multiple members of Respondent's management staff, both through inappropriate disciplinary action. However, investigation reveals that Respondent had legitimate nondiscriminatory reasons for assessing specific disciplinary actions to

Complainant. Respondent submits evidence of a MBTA Transit Police Report detailing an Assault charge that was brought against Complainant on January 25, 2013 by another MBTA employee during which Complainant spat, yelled, and verbally assaulted the employee. Respondent submits further evidence that, as a result of this incident, Complainant received a 30-day suspension and recommendation for discharge on February 7, 2013. While Complainant contests the validity of the 30-day suspension, investigation does not reveal evidence to rebut the legitimacy of the assault incident or the subsequent disciplinary action taken by the MBTA. Additionally, Respondent submits evidence of Complainant's documented disciplinary record that shows rule violations regarding professional conduct and safety dating back to October 31, 2000, as well as documentation that Complainant attended professional conduct and safety training courses throughout her tenure with the MBTA. Investigation thus reveals that Respondent offered multiple opportunities through which Complainant was given the chance to rectify the disciplinary behavior. Investigation further reveals insufficient evidence to show a direct causal connection between Complainant's protected conduct and Respondents' alleged adverse employment actions of disciplining Complainant.

Complainant also submits evidence in her Rebuttal of comparators, or similarly situated employees at the MBTA who are outside of Complainant's protected classes, and who Complainant alleges were not disciplined for the same or similar violations. Respondent, however, submits evidence of the MBTA's progressive discipline policy through which, "[t]he discipline imposed normally become more severe with each rule infraction." Respondent submits evidence to show that those employees that Complainant lists in her Rebuttal as comparators did not have the same extent or frequency of infractions, and thus are not similarly situated to Complainant based on the imposition of discipline in accordance with the Authority's system of progressive discipline.

A finding of Lack of Probable Cause is recommended for Complainant's allegation of retaliatory termination.

Conclusion

A finding of Lack of Probable Cause is recommended for Complainant's claims of discrimination based on race/color (black), national origin (Haitian), gender (female), and retaliation against the MBTA.

Christopher Wester
Legal Intern

Karen Erickson
Enforcement Advisor

Disposition

Pursuant to section 5 of M.G.L. c. 151B of the Massachusetts General Laws, and in conformity with the foregoing findings, I have this day determined that a **Lack of Probable Cause** is being rendered on this case. Complainant will be afforded the opportunity to appeal this decision.

_____  
Sunila Thomas-George  
Investigating Commissioner

8/22/14  
Date