# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

_____

|  |  |  |
|---|---|---|
| MICHELLE DIMANCHE, | ) | |
| Plaintiff | ) | |
| v. | ) | |
| | ) | C. A. # 15-10037-WGY |
| MASSACHUSETTS BAY TRANSPORTATION | ) | |
| AUTHORITY, WILLIAM MCCLELLAN, | ) | |
| STEPHANIE BRADE, SHERYL REGISTER, | ) | |
| MAXINE BELL, FRED OLSON, and CHERYL | ) | |
| ANDERSON | ) | |
| Defendants | ) | |

_____)

## DEFENDANT'S REQUEST FOR JURY INSTRUCTIONS

Pursuant to Fed. R. Civ. P. 51, the defendant proposes the following jury instructions for

use in the trial of this matter.

In addition, the defendant requests leave to submit revised or additional jury instructions

based upon the evidence adduced at trial or to conform to any rulings of law made during trial.

Respectfully submitted
for the Defendant, MBTA,
by its attorneys

/s/Kevin S. McDermott
Kevin S. McDermott, BBO # 544513
Julie A. Ciollo, BBO # 666080
Assistants General Counsel
MBTA Law Department
Ten Park Plaza, Suite 7760
Boston, MA 02116
(617) 222-4756 – McDermott
(617) 222-3484 – Ciollo
kmcdermott@mbta.com
jciollo@mbta.com

## CERTIFICATE OF SERVICE

I, Julie A. Ciollo, certify that on October 14, 2016, this document was filed electronically through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to any persons indicated as non-registered participants.

/s/Julie A. Ciollo
Julie A. Ciollo

JURY INSTRUCTION NO. 1

**Introduction**

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law.  It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case.  Do not single out one instruction as stating the law, but consider the instructions as a whole.  You are not to be concerned about the wisdom of any rule of law stated by me.  You must follow and apply the law.

Nothing I say in these instructions indicates that I have any opinion about the facts.  You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party.  The law does not permit you to be controlled by sympathy, prejudice, or public opinion.  All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

Source:  O'Malley, Grenig, Lee, 3 <u>Federal Jury Practice and Instructions</u>, 5th Ed.(2000), §103.01.

JURY INSTRUCTION NO. 2

**All persons are equal before the law – Individuals/Organizations**

This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar stations in life. In this case, the defendant, MBTA, is entitled to the same fair trial as a private individual.  All parties, including corporations, stand equal before the law and are to be dealt with as equals in a court of justice.

Source:  O'Malley, Grenig, Lee, 3 <u>Federal Jury Practice and Instructions</u>, 5th Ed. (2000), §§103.11, 12 (adapted).

JURY INSTRUCTION NO. 3

**Evidence**

Unless you are otherwise instructed, the evidence in the case consists of sworn testimony of the witnesses regardless of who called the witness and all exhibits received in evidence regardless of who may have produced them.

Statements and arguments by the lawyers for the Plaintiff and the Defendant are not evidence.  The lawyers are not witnesses.  What the lawyers have said in their opening statements and closing arguments is intended to help you interpret the evidence, but it is not evidence.  Remember that any statements, objections or arguments made by the lawyers are not evidence in the case.  The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice.

Also, during the course of trial the trial lawyers often have a duty to make objections, and the Court must rule on them in accordance with the law.  The jury should not consider or be influenced by the fact that such objections have been made, whether they are sustained or overruled.  Additionally, at times the lawyers and I met at the "side bar" to discuss points of law.  You should not draw any inferences or conclusion from these conferences.

You should draw no inference from material or testimony that was excluded from the evidence.  You are to consider only such evidence as was admitted, and if some evidence was given but was stricken from the record, or if some evidence was offered and refused, you must not consider it and you must dismiss it from your minds.  You must not draw any inference from any question whose answer was stricken. Source:  O'Malley, Grenig, Lee, 3 <u>Federal Jury Practice and Instructions</u>, 5th Ed. (2000), §§103.30 (adapted).

JURY INSTRUCTION NO. 4

**Court's Comments Not Evidence**

The law permits me to comment to you on the evidence in the case. These comments are only an expression of my opinion as to the facts. You may disregard my comments entirely, since you as jurors are the sole judges of the facts and are not bound by my comments or opinions.

Source: O'Malley, Grenig, Lee, 3 <u>Federal Jury Practice and Instructions</u>, 5th Ed.(2000), §§103.33.

JURY INSTRUCTION NO. 5

**Questions Not Evidence**

If a lawyer asks a witness a question that contains an assertion of fact, you may not consider the assertion as evidence of that fact.  The lawyers' questions and statements are not evidence.

Source:  O'Malley, Grenig, Lee, 3 <u>Federal Jury Practice and Instructions</u>, 5th Ed.(2000), §§103.35.

JURY INSTRUCTION NO. 6

**Burden of Proof; *Preponderance of Evidence***

The Plaintiff, Michelle Dimanche, has the burden in a civil action, such as this, to prove every essential element of her claim by a "*preponderance of the evidence*."  If she should fail to establish any essential element of her claim by a preponderance of the evidence, you should find for the defendant as to that claim.

To establish a claim by a "*preponderance of the evidence*" means to prove that something is more likely so than no so.  In other words, a "*preponderance of the evidence*" means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds a belief that what is sought to be proved is more likely true than not true.  This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by *a preponderance of the evidence* you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

In you find that the evidence is evenly balanced, so that you are unable to say that the evidence on either side of an issue has more convincing force, then your finding upon that issue must be against the party who had the burden of proving it.  In this case, the party with the burden of proof is the Plaintiff, Michelle Dimanche.

Source:  O'Malley, Grenig, Lee, 3 <u>Federal Jury Practice and Instructions</u>, 5th Ed.(2000),
§§104.01(adapted).

JURY INSTRUCTION NO. 7

**"Direct" and "Circumstantial" Evidence**

Generally speaking, there are two types of evidence that are generally presented during a trial--direct and circumstantial evidence.  "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness.  "Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.  There is a simple example of circumstantial evidence that I can give you.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day.  Assume that the courtroom blinds were drawn and you could not look outside.  As you were sitting here, someone walked in with an umbrella that was dripping wet.  Then a few minutes later another person also entered with a wet umbrella.  Now, you cannot look outside of the courtroom, and you cannot see whether or not it is raining.  So you have no direct evidence of that fact.  But on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining even if not everyone who came into the courtroom was wet.

As a general rule, the law makes no distinction between the weight or value to be given to either direct or circumstantial evidence.  Nor is a greater degree of certainty required for circumstantial evidence.  You are simply required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

Source:  O'Malley, Grenig, Lee, 3 <u>Federal Jury Practice and Instructions</u>, 5th Ed.(2000), §§104.05(adapted).

JURY INSTRUCTION NO. 8

**Discrepancies in Testimony**

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves.  You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief.  Consider each witness' intelligence, motive, state of mind, and demeanor or manner while testifying.

Consider the witness's ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters.  Also consider any relation each witness may have with either side of the case, the manner in which each witness may be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by the other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimonies of different witnesses may or may not cause you to discredit such testimony.  Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you think it deserves.  In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact.  You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

Source:  O'Malley, Grenig, Lee, 3 <u>Federal Jury Practice and Instructions</u>, 5th Ed.(2000), §§105.02.

JURY INSTRUCTION NO. 9

**Impeachment of Witnesses**

A witness may be discredited or "impeached" by contradictory evidence or by evidence that at some other time the witness has said or done something, or failed to say or do something, that is inconsistent with the witness's present testimony.

If you believe that any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness's other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

Source:  O'Malley, Grenig, Lee, 3 <u>Federal Jury Practice and Instructions</u>, 5th Ed.(2000), §§105.04.

JURY INSTRUCTION NO. 10

**All Available Witnesses or Evidence Need Not Be Produced**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters at issue in this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence of this case.

Source:  O'Malley, Grenig, Lee, 3 <u>Federal Jury Practice and Instructions</u>, 5th Ed.(2000), §§105.11.

JURY INSTRUCTION NO. 11

**Summary of Contentions**

I would now like to turn to the particulars of this case.  I will describe the contentions of the plaintiff and the defendant.  This summary is not evidence; it is for you to determine whether the evidence fairly supports the parties' contentions.

Plaintiff contends that discrimination based upon her race was the determining factor in the decision to discharge her.

Defendant contends that Plaintiff was treated fairly and that there was no discrimination against her. It contends that, on January 25, 2013, Plaintiff was on "final warning" under its disciplinary policy. Therefore, the next step was a thirty (30) day suspension and recommendation for discharge. After an investigation, there here was just cause to find that she violated the MBTA's rules of conduct. Discharge was the next step in the Discipline Policy and Plaintiff's race was not a factor in the decision.

JURY INSTRUCTION NO. 12

**Summary of Plaintiff's Case and Burden of Proof**

As the plaintiff, Michelle Dimanche has the burden to prove every essential element of her claims by a preponderance of the evidence. If she should fail to establish any essential element of one of her claims by a preponderance of the evidence, you should find for the defendant as to that claim.

"Establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds a belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

O'Malley, et al., Fed. Jury Practice & Instructions, § 104.01.

JURY INSTRUCTION NO. 13

**Burden of Proof - Circumstantial Evidence:  Introductory Remarks**

In order to prevail on her claim, the Plaintiff must prove by a preponderance of the evidence that the MBTA was motivated by racial discrimination when it decided to discharge her.  In other words, she must prove that the MBTA intentionally and purposefully discriminated against her because of her race.

In determining whether the MBTA intentionally discriminated against her on the basis of his race, you may consider all the evidence presented in this case. Plaintiff  may present either direct evidence of discrimination against her by the Defendant or present indirect evidence of an intent to discriminate.

The mere fact that Plaintiff alleges that she was a victim of discrimination does not mean that she should prevail. Whether she prevails depends entirely on whether she is able to prove her allegations in accordance with the burden of proof on which I have instructed you.

I want to make one thing clear: in a discrimination case such as this, the burden is not on the defendant to prove that it did not discriminate.  Rather, the burden is always on Plaintiff to prove the ultimate issues of whether the defendant intentionally discriminated against her because of her race.

E.g., Lipchitz v. Raytheon Co., 434 Mass. 493, 751 N.E.2d 360 (2001); Matthews v. Ocean Spray Cranberries, Inc., 426 Mass. 122, 128 (1997); Blare v. Husky Injection Molding Systems Boston, Inc., 419 Mass. 437,  447 (1995); Shorette v. Rite Aid of Maine, Inc., 155 F.3d 8, 12 (1st Cir. 1998) (age discrimination).

JURY INSTRUCTION NO. 14

**Pretext for Discrimination**

It is not enough for Plaintiff to prove that the MBTA's stated reason for discharging her is ***untrue***.  Plaintiff must also persuade you, by a preponderance of the evidence, that the real reason was the intent to discriminate against her because of her race.  If you find that, regardless of Plaintiff's race, she would still have been discharged, you must find in favor of the MBTA.  Similarly, if you believe, after considering all of the evidence, that the MBTA's reason (following its discipline policy) was the real reason, you must find in favor of the MBTA.

E.g., Shorette v. Rite Aid of Maine, Inc., 155 F.3d 8, 13 (1st Cir. 1998); Lawton v. State Mut. Life Assur. Co of America, 924 F. Supp. 331, 342 (D.Mass. 1996); Lipchitz v. Raytheon Co., 434 Mass. 493, 751 N.E.2d 360 (2001);  Matthews v. Ocean Spray Cranberries, Inc., 426 Mass. 122, 128 (1997).  Brunner v. Stone & Webster Engineering, 413 Mass. 698, 699, 705; White v. University of Massachusetts at Boston, 410 Mass. 553, 557 (1991).

JURY INSTRUCTION NO. 15

**Basis of Decision Not Relevant unless Discriminatory; Business Judgment**

When assessing Plaintiff's claim, your focus is to be on the MBTA's motivation, not its business judgment.  The MBTA was entitled to discharge a person who it believed had violated the rules as long as it did not base its decision on a discriminatory motive.  While MBTA's judgment or course of action in discharging Plaintiff might seem poor or erroneous to outsiders, the relevant question is simply whether the MBTA engaged in intentional racial discrimination. In order to find for the MBTA, you need not believe that MBTA's reason for discharging Plaintiff was a good or important reason or one that you yourself would adopt or approve.  The only relevant question is whether the MBTA's decision to discharge Plaintiff was because of her race. Unless Plaintiff persuades you by a fair preponderance of the credible evidence that MBTA's treatment of her was due to discriminatory bias, you must find for MBTA.

Shorette v. Rite Aid of Maine, Inc., 155 F.3d 8, 13 (1st Cir. 1998); Lawton v. State Mut. Life Assur. Co of America, 924 F. Supp. 331, 342 (D.Mass. 1996); Loeb v. Textron, 600 F.2d 1003, 1012 n.6, 1019 (1st Cir. 1979); Brunner v. Stone & Webster Engineering, 413 Mass. 698, 704, 603 N.E.2d 206 (1992); White v. University of Massachusetts at Boston, 410 Mass. 553, 557 (1991).

JURY INSTRUCTION NO. 16

**Pretext:  Perception of Decisionmaker**

When considering the issue of discrimination, you must put yourselves in the MBTA's shoes at the time it suspended and discharged Plaintiff. You must ask yourselves whether the MBTA believed in good faith that she had violated the rules of conduct on January 25, 2013. If you find that the MBTA had such a good-faith belief that she had violated the rules when it decided to suspend and then discharge Plaintiff, then you must find for the MBTA. You are not to second-guess the MBTA's judgment, or to decide whether the MBTA's actions were unfair. Plaintiff cannot prove discrimination merely by showing you mistakes or weaknesses in the MBTA's conclusion that she had violated the rules, as long as the MBTA believed in good faith that its conclusion was accurate at the time of its decision.

> Morgan v. Mass. Gen. Hosp., 901 F.2d 186, 191 (1st Cir. 1990) ("evidence contesting the factual underpinnings of the reasons for the employment decision proffered by the employer is insufficient, without more, to present a jury question"); Shorette v. Rite Aid of Maine, Inc., 155 F.3d 8, 13 (1st Cir. 1998); Loeb v. Textron, Inc., 600 F.2d 1003, 1012 n.6 (1st Cir. 1979); Brunner v. Stone & Webster Engineering, 413 Mass. 698, 704, 603 N.E.2d 206 (1992).

JURY INSTRUCTION NO. 17

**Intent of Specific Decisionmakers**

In evaluating Plaintiff's claims, you must focus exclusively on the behavior and intent of the individuals at the MBTA who were directly involved in making the decision to suspend and then discharge her. To prove discrimination against the MBTA, Plaintiff must persuade you that the specific individuals at the MBTA who decided suspend and then discharge her, and no one else, based their decision primarily on her race. In deciding who were the true decision makers in Plaintiff's suspension and discharge, ask yourselves who actively took part in the decision or influenced the decision. An individual did not influence the decision if the individuals directly involved in the decision did not rely on this individual's opinions and instead based their decision on their own information and judgment.

Woods v. Friction Materials, Inc., 30 F.3d 255, 258 n.1 (1st Cir. 1994) (former supervisor's alleged discriminatory remarks inadmissible in ADEA claim, because supervisor was terminated prior to employer's refusal to rehire plaintiff after medical absence); Mullin v. Raytheon Co., 2 F. Supp.2d 165, 170 (D.Mass. 1998) (discriminatory conduct of ADEA plaintiff's supervisors, such as by repeatedly inquiring into his retirement plans, was not probative of pretext, because none of these supervisors was "directly involved in the decision to reclassify him, nor influential in that process"); Willis v. Marion County Auditor's Office, 118 F.3d 542, 547 (7th Cir. 1997) ("when the causal relationship between the subordinate's illicit motive and the employer's ultimate decision is broken, and the ultimate decision is clearly made on an independent and a legally permissive basis, the bias of the subordinate is not relevant"); Smith v Stratus Computer, Inc., 40 F.3d 11, 18 (1st Cir. 1994) ("The biases of one who neither makes nor influences the challenged personnel decision are not probative in an employment discrimination case") (emphasis added); Medina-Munoz v. R.H. Reynolds Tobacco Co., 896 F.2d 5, 10 (1st Cir. 1990) (same)

JURY INSTRUCTION NO. 18

**Factors Contributing to Treatment**

Sometimes decisions are influenced by a number of different factors. Plaintiff is not entitled to recover simply by proving that her race played a part in the defendant's decision to suspend and discharge her. Instead, to prevail on her claim, Plaintiff must prove by a preponderance of the evidence that her race or retaliatory motive was *the determining factor* in the defendant's decision to suspend and discharge her. In other words, she must prove that, if all other circumstances and characteristics had remained the same, except that she had been White, she would not have been discharged. You must find in favor of the Defendant even if you find that a discriminatory motive played a part in Plaintiff's suspension and discharge, but that she would still have been discharged in the absence of such a motive.

> Thomas v. Sears, Roebuck & Co., 144 F.3d 31, 33 (1st Cir. 1998) (ADEA claim); Hidalgo
> v. Overseas Condado Ins. Agencies, Inc., 128 F.3d. 328, 332 (1st Cir. 1997) (same);
> McNely v. Ocala Star-Banner Corp., 99 F.3d 1068, 1076 (11th Cir. 1996) (ADA claim);
> Blare v. Husky Injection Molding Sys. Boston, Inc., 419 Mass. 437, 445 (1995).

JURY INSTRUCTION NO. 19

**Stray Remarks**


Stray remarks in the workplace are statements made by non-decision makers –people without the power to make employment decisions – and statements made by decision makers not involved in the decisional process at issue, which bear no legal significance to the instant controversy.  Standing alone, they are insufficient to establish either pretext or the requisite discriminatory animus.  Typically, statements made by one who neither makes, nor influences a challenged personnel decision are not probative in an employment discrimination case.  Stray remarks do not allow for an inference of discrimination and they do not satisfy a Plaintiff's burden of proving discrimination by direct evidence. If the Plaintiff has failed to establish any connection between those statements and the decision makers in this case, you should not consider any such statements you have heard as evidence of discriminatory intent.


Gonzalez v. El Dia, Inc., 304 F.3d 63 (1st Cir. 2002); Mesnick v. General Elec. Co., 950 F.2d 816, 826 (1st Cir. 1991); La Montagne v. American Convenience Prods., Inc., 750 F.2d 1405, 1412 (7th Cir.1984); Velez v. Janssen Ortho LLC, 389 F.Supp.2d 253 (D.P.R 2005); Wynn & Wynn, P.C. v. MCAD, 431 Mass. 655 (2000); Wallace v. O.C. Tanner Recognition Co., 299 F.3d 96 (1st Cir. 2002); Moreno Morales v. ICI Paints (Puerto Rico), Inc., 383 F.Supp.2d 304 (D.P.R. 2005); and Hernandez-Mejias v. General Electric, 2005 WL 2138819 (D.P.R.).

JURY INSTRUCTION NO. 20

**"Similarly Situated" Comparators**

Plaintiff alleges that Mike McPhee, Annie Citroni, Tim Logan, Alfred DeFrederico, Jennifer Holbrook-Olson, and Guy Castoldi, and others were "comparators" of hers, or, in other words, that they were " similarly situated" to her in all relevant aspects.  To be considered comparators of the Plaintiff, the individuals identified must have been similarly situated to the Plaintiff in terms of job title and work status without such differentiating or mitigating circumstances that would distinguish their situations. You must determine whether these individuals were, indeed, similarly situated to the Plaintiff in all relevant aspects and whether they ought to be considered as comparators of the Plaintiff for purposes of proving differential treatment from that of the Plaintiff.  To do so you must determine whether the Plaintiff has identified specific instances where persons similarly situated to her in all relevant aspects were treated differently.  As one court cogently put it "apples should be compared to apples".  Apples should not be compared to oranges.

See, Matthews v. Ocean Spray Cranberries, Inc., 426 Mass.122, 129 (1997). Dartmouth Review v. Dartmouth College, 889 F.2d 13, 19 (1st Cir. 1998).

JURY INSTRUCTION NO. 21

**Damages generally**

If you find that Plaintiff  has proven by a preponderance of the evidence that intentional discrimination against her because of her race or that retaliatory motives were the determining factors in her suspension and discharge, then you must decide the amount of damages that will fairly compensate her.

You should not assume that because I am discussing damages, that you should find for Plaintiff. You only reach the issue of damages if you first decide that Plaintiff has proven one of her claims.

I will discuss the damages you can consider.

JURY INSTRUCTION NO. 22
**Back Pay Damages**

If you find by a preponderance of the evidence that the MBTA unlawfully discriminated against Plaintiff on the basis of her race, then you must determine the amount of damages that Plaintiff has sustained.  In determining damages under the discrimination law, you may award Plaintiff "back pay," that is, an amount equal to the difference between the pay that she would have received from the MBTA had she not been suspended in February 2013 (and subsequently discharged in March 2013) until the date of trial. You should reduce her back pay damages if you find that she has failed to mitigate her damages.  I will discuss mitigation separately.

3 E. Devitt and C. Blackmar, <u>Federal Jury Practice and Instruction</u>, §73.01 (4th ed. 1987) (1998 supp.) (modified); 29 U.S.C. § 626(b) (ADEA remedies provision, incorporating by reference remedies under Fair Labor Standards Act, at 29 U.S.C. § 216-17, authorizing jury to award back pay only).

JURY INSTRUCTION NO. 23
**Mitigation of Damages**

Plaintiff has a duty to mitigate or limit her damages. The Defendant has the burden to prove that she failed in her duty to mitigate her damages. Among other things, the Plaintiff had a duty to make reasonable and diligent efforts to reduce any amount of money or benefits which she may have lost, and any emotional distress which she may have suffered, as a result of being discharged by the Defendant. If you find that Plaintiff failed to take reasonable steps to obtain gainful employment after her discharge from the MBTA, then you should reduce the amount of damages by the amount she could have reasonably realized if she had taken advantage of opportunities to obtain gainful employment.

You should offset Plaintiff's back pay award by the greater of either the wages she actually earned and the wages she would have earned but for her failure to take advantage of opportunities available to her for employment.

Ford Motor Co. v. EEOC, 458 U.S. 219, 231-32 (1982); Rodriguez-Torres v. Caribbean Forms Manufacturer, Inc., 399 F.3d 52 (1st Cir. 2005); Koster v. Trans World Airlines, Inc., 181 F.3d 24 (1st Cir. 1999); Devitt, Blackmar and Wolff, Federal Jury Practice and Instruction, §106.07 at 1052 (4th ed. 1987) (modified); Kolb v. Goldring, Inc., 694 F.2d 869, 872 (1st Cir. 1982); Brady v. Thurston Motor Lines, Inc., 753 F.2d 1269, 1277 (4th Cir. 1985) (tolling back pay during period of unemployment following termination for cause from subsequent job, and offsetting all subsequent back pay by greater of wages actually earned and wages employee would have earned but for his misconduct); Patterson v. P.H.P. Healthcare Corp., 90 F.3d 927, 937 (5th Cir. 1996) (applying Brady tolling rule to § 1981 employee who was "directly responsible for his loss of employment with [his subsequent employer] . . . because of excessive absences, excessive use of the company phone for personal phone calls and for his conflicts with another staff member"); Massie v. Indiana Gas Co., 752 F. Supp. 261, 271-2 (S.D.Ind. 1990) (applying Brady rule to cut off all back and front pay based on employee's failure to seek employment after termination).

Conway v. Electro Switch Corp., 402 Mass. 385, 389, 523 N.E.2d 255 (1988); Buckley Nursing Home v. MCAD, 20 Mass.App.Ct. 172, 185, 478 N.E.2d 1292, 1301 (1985); Black v. School Comm. of Malden, 369 Mass. 657, 662, 341 N.E.2d 896, 901 (1976).

JURY INSTRUCTION NO. 24
**Front Pay**

If you find by a preponderance of the evidence that the Defendant unlawfully discriminated against Plaintiff on the basis of her race, you may award Plaintiff front pay if you deem it necessary to compensate her.

Front pay is compensation for salary or benefits that you project into the future that would have accrued to Plaintiff if he had not been unlawfully discharged. The amount of front pay should be reduced by any money Plaintiff is expected to receive from other sources, including other wages or earnings.  Front pay, like back pay, is also subject to a duty to mitigate. Front pay damages may not be based on mere speculation, but must have some basis in the evidence so that you can reasonably estimate the amount of lost wages and benefits that Plaintiff will suffer in the future as a result of her discharge. Front pay damages must be causally related to the Defendant's wrongdoing and Plaintiff should not be made more than whole.

In determining front pay, you need to consider that the parties have entered into stipulations regarding how long Plaintiff would have stayed at her job if she had not been discharged and that she would have been entitled to a pension upon retirement and the length of time that she would have collected a pension.

If you decide to award front pay damages, keep in mind that Plaintiff cannot be awarded damages that overcompensate her for the losses that she suffered.  In order to avoid overpaying Plaintiff , you must consider that the amount of money you give her today for future losses can be invested to earn interest. In awarding front pay, you thus must determine the amount of money that, if invested today at a reasonable rate of interest, would in the future provide Plaintiff with the amount of money that you calculated she will lose in the future as a result of any unlawful conduct you have found by the MBTA.

Conway v. Electro Switch Corp., 402 Mass. 385, 388–89 & n.3, 523 N.E.2d 255, 257 (1988); Trinity Church of Boston v. John Hancock Mut. Life Ins. Co., 399 Mass. 43, 52, 502 N.E.2d 532, 537–38 (1987); McDonald v. Federal Lab., Inc., 724 F.2d 243, 247 (1st Cir. 1984); Worden v. Consol. Ry. Corp., 689 F.Supp. 35, 39 (D.Mass. 1988).

JURY INSTRUCTION NO. 25

**Emotional Distress Damages**

If you find by a preponderance of the evidence that the Defendant unlawfully discriminated against Plaintiff on the basis of race, you may also award her compensatory damages for any emotional distress she has suffered.

To recover emotional distress damages, Plaintiff must prove that she suffered actual emotional distress and that such injury was actually caused by the MBTA's discriminatory conduct. To prove causation, Plaintiff must prove that there is greater likelihood or probability that the harm she complains of was due to the MBTA's conduct rather than due to any other cause, such as other stressful personal events. She must also produce evidence of the magnitude and duration of her claimed emotional injury, as well as the gravity of its consequences.

You may not award damages based on sympathy, speculation, or guesswork. You should also consider whether Plaintiff was required to seek medical attention for her claimed distress.

M.G.L. c. 272, § 98, c. 151B §5; Brown v. Trustees of Boston University, 674 F. Supp. 393, 394-95 (D. Mass. 1987), aff'd in relevant part, 891 F.2d 337, 361 (1st Cir. 1989), cert. denied, 496 U.S. 937 (1990). Labonte v. Hutchins & Wheeler, 424 Mass. 813, 823-24 (1997); Bournewood Hospital, Inc. v. MCAD, 371 Mass. 303 (1976); Mullins v. Pine Manor College, 389 Mass. 47 (1983); Alholm v. Wareham; 371 Mass. 621 (1976); 3 Devitt, et al., Federal Jury Practice and Instructions, §§ 104.05; Rombola v. Cosindas, 351 Mass. 382, 385, 220 N.E.2d 919, 922 (1966); Agoos Leather Co. v. American & Foreign Ins. Co., 342 Mass. 603, 608, 174 N.E.2d 652, 655 (1962); Franklin Publishing Co., Inc., v. MCAD, 25 Mass.App.Ct. 974, 975, 519 N.E.2d 798, 799–800 (1988); Buckley Nursing Home v. MCAD, 20 Mass.App.Ct. 172, 182, 478 N.E.2d 1292, 1299 (1985).

JURY INSTRUCTION NO. 26
**Punitive Damages**

If you find by a preponderance of the evidence that the defendant unlawfully discriminated against Plaintiff on the basis of her race or that retaliatory motive was the determinative motive to suspend and discharge her, you may consider in your discretion whether punitive damages are warranted.   Punitive damages are different from compensatory damages. Unlike compensatory damages, which compensate a victim for the harm she has suffered, the purpose of a punitive damages award is to punish the employer and to deter the employer from engaging in the same wrongful conduct in the future.

You may only award punitive damages if you find that the MBTA discriminated against Plaintiff by means of conduct that showed an evil motive or reckless indifference to her rights.

You may not award punitive damages, however, if the MBTA has shown by a preponderance of the evidence that it has undertaken good faith efforts to comply with the anti-discrimination laws.  If you find that the MBTA has met its burden, then the MBTA will not be liable for punitive damages based on the discriminatory acts of its managers.  The MBTA can meet this burden through evidence that it has instituted and enforced anti-discrimination policies.

In determining the amount of a punitive damage award, if any, you should consider:

1.      the character and nature of the defendant's conduct;

2.      the defendant's wealth, in order to determine what amount of money is needed to punish the defendant's conduct and to deter any future acts of discrimination;

3.      the actual harm suffered by the plaintiff; and

4.      the magnitude of any potential harm to other victims if similar future behavior is not deterred.

If you do award punitive damages, you should fix the amount by using calm discretion and sound reason.

42 U.S.C. § 1981a(b)(1) (standard for punitive damages under ADA and Title VII); M.G.L. c. 151B, § 9; Kolstad v. American Dental Ass'n, 527 U.S. 526, 534–39, 119 S.Ct. 2118, 2124–26, 144 L.Ed.2d 494 (1999) (for punitive damages under Title VII, must be evidence that employer acted with "malice" or "reckless indifference" to plaintiff's rights); BMW of N. Am. v. Gore, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996); Kinnon v. Kwong Wah Restaurant, 83 F.3d 498, 508 (1st Cir. 1996) ("[t]he allowance of [punitive] damages inherently involves an evaluation of the nature of the conduct in question, the wisdom of some form of pecuniary punishment, and the advisability of a deterrent"); Rowlett v. Anheuser-Busch, Inc., 832 F.2d 194, 205 (1st Cir. 1987); Labonte v. Hutchins & Wheeler, 424 Mass. 813, 826–27, 678 N.E.2d 853 (1997); Bain v. City of Springfield, 424 Mass.758, 678 N.E.2d 155 (1997).  As to affirmative defense, see Romano v. U-Haul Int'l, 233 F.3d 655, 670 (1st Cir. 2000), cert. denied, __ U.S. __, 122 S.Ct. 41, __ L.Ed.2d__ (2001), (citing to Kolstad, 527 U.S. at 540–46, 119 S.Ct. at 2127–29).