UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHELLE DIMANCHE, | * |
| Plaintiff, | * C.A. No.: 1:15-CV-10037-WGY |
| v. | * |
| MASSACHUSETTS BAY TRANSPORTATION AUTHORITY, WILLIAM MCCLELLAN, STEPHANIE BRADE, SHERYL REGISTER, MAXINE BELL, FRED OLSON AND CHERYL ANDERSON | * |
| Defendants. | * |

## PLAINTIFF'S INITIAL REQUEST FOR INSTRUCTIONS TO THE JURY

Now come the plaintiff and respectfully requests that the jury be instructed in accordance with the proposed instructions attached hereto. The plaintiff reserve the right to supplement these instructions subject to the evidence introduced at trial.

Respectfully Submitted,
Michelle Dimanche,
By Her Attorney,

/s/ Christopher J. Trombetta
Christopher J. Trombetta, Esq.
(BBO# 556923)
121 North Main Street, Suite 12
Mansfield, MA  02048
(508) 339-5900

Dated: October 16, 2016

## DISCRIMINATION

### Discriminatory Acts

**INSTRUCTION NO. 1**

The plaintiff was a former employee of the defendant. The plaintiff claims that the MBTA discriminated against her on the basis of her being black and Haitian.[1]

---

[1] Green v. The MBTA Medical Associates, Inc., 79 Mass. App. Ct. 1, 7-11 (2011).

Discriminatory Acts

## INSTRUCTION NO. 2

Plaintiff contends that the MBTA engaged in numerous acts of discrimination.[2]

---

[2]Sullivan v. Liberty Mut. Ins. Co., 444 Mass. 34, 39-40 (2005); Chief Justice for Admin. & Management of Trial Court v. Mass. Commission Against Discrimination, 439 Mass. 729, 732-33 (2003); Weber v. Cmty. Teamwork, Inc., 434 Mass. 761, 775 (2001); Lipchitz v. Raytheon Co., 434 Mass. 493, 504 (2001); Abramian v. President & Fellows of Harvard Coll., 432 Mass. 107, 115-19 (2000) (clarifying plaintiff's burden of proof in circumstantial evidence case); Dartt v. Browning-Ferris Indus., 427 Mass. 1, 12 (1998); Green v. The MBTA Medical Associates, Inc., 79 Mass. App. Ct. 1, 7-11 (2011).

## Motive, Intent, or State of Mind

**INSTRUCTION NO. 3**

In order to prove a claim for discrimination, the plaintiff must prove to you by a preponderance of the credible evidence that the defendant performed acts of discrimination against her and that discriminatory animus was the determinative cause of the defendant's actions.

### (a) *Direct Evidence*

Sometimes motive, intent, or state of mind can be proved directly; for example, by a witness describing what her state of mind was or by a witness testifying to what a defendant said that would be reflective of her state of mind. Direct evidence may be a statement by a decisionmaker that relates to his or her decision. Direct evidence is evidence that, if believed, would result in a highly probable inference that a forbidden bias was present in the workplace. Direct evidence can consist of statements of a defendant that suggest a discriminatory attitude toward Ms. Dimanche and other black individuals. For example, calling Ms. Dimanche a "black bitch" is direct because it constitutes intentional discrimination.[3]

### (b) *Circumstantial Evidence*

At other times, motive, intent, or state of mind must be proved indirectly or circumstantially. Here, you may examine the MBTA's actions and words, and all of the

---

[3] Chief Justice for Admin. & Management of Trial Court v. Mass. Commission Against Discrimination, *439 Mass. 729 (2003)*; Sullivan v. Liberty Mut., Ins. Co., 444 Mass. 34 (2005); Wynn & Wynn v. MCAD, 431 Mass. 665, 666-67 n.20 (2000), *overruled on other grounds by* Stonehill Johansen v. NCR Comten, Inc., *see also* Northeast Metro. Reg'l Vocational Sch. Dist. Sch. Comm. v. MCAD, 31 Mass. App. Ct. 84, 89-90 (1991) (statements by two decision makers that "we do not want a woman in that position" and "what we need is a big strong man who can come to the committee and fight" constitute direct evidence of discrimination).

surrounding circumstances, to help you determine what the defendant's motive, intent, or state of mind.

The law does not dictate any distinction between the weight to be given direct or circumstantial evidence; that is up to the jury. Circumstantial evidence permits you to draw reasonable inferences from facts in evidence. The inference proposed from the evidence need only be reasonable; it need not be the only one possible.[4]

(c) *Unconscious Bias*

An employer may not necessarily be aware of his or her bias. Employment decisions that are made because of stereotypical thinking about people because of their skin color, whether conscious or unconscious, violate Massachusetts and federal law prohibiting discrimination.[5] Any decisions made on the basis of stereotypical thinking evidences intent, motive or state of mind as to discriminatory acts.

(d) *Attributable Bias*

You may find discrimination when the adverse employment decision is made by an individual who is *without* discriminatory animus but who relies on the false or misleading information provided by a supervisor who does bear such animus. Discriminatory animus also can be established where the actual decisionmaker has a discriminatory motive, where there is a discriminatory atmosphere, or where the

---

[4] Brown v. Commonwealth, 407 Mass. 84, 89 (1990); Abraham v. City of Woburn, 383 Mass. 724, 729-30 (1981).
[5] Chief Justice for Admin. & Management of Trial Court v. Mass. Commission Against Discrimination, *439 Mass. 729 (2003);* Sullivan v. Liberty Mut., Ins. Co., 444 Mass. 34 (2005); Wynn & Wynn v. MCAD, 431 Mass. 665, 666-67 n.20 (2000), *overruled on other grounds by* Stonehill Johansen v. NCR Comten, Inc., *see also* Northeast Metro. Reg'l Vocational Sch. Dist. Sch. Comm. v. MCAD, 31 Mass. App. Ct. 84, 89-90 (1991) (statements by two decision makers that "we do not want a woman in that position" and "what we need is a big strong man who can come to the committee and fight" constitute direct evidence of discrimination).

decisionmaker's actions were influenced by others' discriminatory animus.[6]

---

[6] See Trustees of Health and Hospitals of the City of Boston, Inc. v. MCAD, 449 Mass. 675 (2005); Matthews v. Ocean Spray Cranberries, Inc., 426 Mass. 122, 129 (1997); Lavalley v. Quebecor World Servs. LLC, 315 F. Supp. 2d 136 (D. Mass. 2004).
n1 Lipchitdz v. Raytheon Co., 434 Mass. 493, 503-04 (2001); Riffelmacher v. Bd. Of Police Comm'rs of Springfield, 27 Mass. App. Ct. 159, 163 (1989).

## Proving Discrimination by Circumstantial Evidence

**INSTRUCTION NO. 4**

(a) *Pretext*

Circumstantial evidence of discrimination can include proof that the reason given by the MBTA for its actions is not true or, if more than one reason was given, that at least one if the reasons given was not true; that is, the reason given was not the real reason for what it did to Ms. Dimanche.

If the plaintiff has persuaded you that at least one of the MBTA's reasons is false, you may infer that the MBTA is covering up a discriminatory intent, motive, or state of mind. It is not important whether the defendant was right or wrong. What matters is what the employer believed at the time of the adverse action.[7]

The reason that such an inference is allowable is because experience indicates that people do not generally act in a totally arbitrary manner, without any underlying reasons, especially in a business setting. In a situation where the legitimate reason or reasons advanced by the MBTA for taking an adverse action are rejected as not being the real or true reasons, one might reasonably conclude that it is more likely than not that the MBTA, who is generally assumed to act only with *some* reason, based its decision on impermissible consideration.[8]

---

[7] Lipchitz v. Raytheon Co., 434 Mass. 493, 496 (2001); Sullivan v. Liberty Mut. Inc. Co., 444 Mass. 34, 56 (2005); Joyal v. Hasbro, Inc., 380 F.3d 14 (1st Cir. 2004).

[8] Knight v. Avon Products, Inc., 438 Mass. 413, 420 (2003); Abramian v. President & Fellows of Harvard College, 432 Mass. 107 (2000); Blare v. Husky Injection Molding Sys. Boston, Inc., 419 Mass. 437, 441 (1995); Wheelock College v. MCAD, 371 Mass. 130, 135 n.5 (1976); Harrison v. Boston Fin. Data Servs., 37 Mass. App. Ct. 133, 136 (1994).

(b) *General Atmosphere of Discrimination*

Circumstantial evidence may include evidence of a general atmosphere of discrimination at the place of employment. Likewise, evidence that an employer, acting through its officials and managers, considered skin color in other employment matters can also support a conclusion that the unlawful bias was a factor in this case.[9]

(c) *Attitudes of Those in Authority*

Unlawful bias on the part of a specific decision maker may be inferred from the attitudes of others in authority in the company, such as company officials and senior managers.[10]

(d) *Subjective Criteria*

Unlawful bias may be inferred from evidence that the employer used subjective criteria in making employment decisions.[11]

(e) *Employer's Failure to Follow Policy or Guidelines*

Unlawful bias may be inferred from an employer's failure to follow its own policies or guidelines in making the employment decision involved in this case.[12]

(f) *Business Judgment*

When assessing a plaintiff's claim of pretext, you should focus on the motivation

---

[9] Cariglia v. Hetz Equip. Rental Corp., 363 F.3d 77, 83 (1st Cir. 2004); Lewis v. Area II Homecare for Senior Citizens, Inc., 397 Mass. 761, 767 (1986); Smith Coll. V. MCAD, 376 Mass. 221, 228 & n.9 (1978); Johansen v. NCR Comten, Inc., 30 Mass. App. Ct. 294, 298 (1991).

[10] Northeast Metro. Reg'l Vocational Sch. Dist. Sch. Comm v. MCAD, 31 Mass. App. Ct. 84, 89 (1991); Southern Worcester County Reg'l Vocational Sch. Dist. v. Labor Relations Comm'n, 386 Mass. 414, 421 (1982); Buckley Nursing Home v. MCAD, 20 Mass. App. Ct. 172, 176 (1985).

[11] Watson v. Fort Worth Bank & Trust, 487 U.S. 977, 990-91 (1988); City of Salem v. MCAD, 44 Mass. App. Ct. 627, 643 (1998) ("uncontrolled subjectivity" in performance standards can be evidence of bias), *overruled on other grounds*, DeRoche v. MCAD, 447 Mass. 1 (2006); Harrison v. Boston Fin. Data Servs., Inc., 37 Mass. App. Ct. 133, 138 (1994); Contardo v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 753 F. Supp. 406, 410 (D. Mass. 1990); Rifflemacher v. Bd. Of Police Commissioners of Springfield, 27 Mass. App. Ct. 159, 162 (1989).

of the employer, and not its business judgment.[13]  While an employer's judgment or course of action may seem poor or erroneous to outsiders, the relevant question is simply whether the given reason was a pretext for illegal discrimination.

---

[12] Martin v. Envelope Div. of Westvaco Corp., 850 F. Supp. 83, 92 (D. Mass. 1994); *see also Goden v. Runyon*, 885 F. Supp. 1104, 1106 (W.D. Tenn. 1995).

[13] Lipchitz v. Raytheon Co., 434 Mass. 493 (2001); *Smith Coll. v. MCAD*, 376 Mass. 221, 228 & n.9 (1978); Springfield Police Comm'rs v. MCAD, 375 Mass. 782, 783 (1978) (rescript); Buckley Nursing Home v. MCAD; Trustees of Health and Hospitals of the City of Boston, Inc. v. MCAD; Kelly v. Airborne Freight Corp., 140 F.3d 335, 351 n.6 (1st Cir. 1998) Ventresco v. Liberty Mutual Ins. Co., 55 Mass. App. Ct. 201 (2002); Sullivan v. Liberty Mut. Ins. Co., 444 Mass. 34, 56 (2005); Joyal v. Hasbro, Inc., 380 F.3d 14 (1st Cir. 2004); *Loeb v. Textron, Inc.*, 600 F.2d 1003, 1012 n.6 (1st Cir. 1979).

Mixed Motive

## INSTRUCTION NO. 5

Sometimes employment decisions are made based on a mixture of nondiscriminatory and discriminatory reasons. Here the plaintiff may have proved that discriminatory bias was the only factor motivating discriminatory actions. Accordingly, the MBTA intention to discriminate on the basis of that act is undisputed. He also has produced evidence that discriminating bias existed as to forcing Ms. Dimanche out of the MBTA, engaging in numerous discriminatory acts, and causing her to suffer emotional distress.[14]

The plaintiff need not prove to you that her skin color was the sole reason for the adverse employment action. Rather, the MBTA must prove by a preponderance of the evidence that it would have made the same decision regardless of the plaintiff being black or Haitian. If you are not convinced that the defendant would have taken the same action regardless of Ms. Dimanche's skin color or nationality, then you must return a verdict for Ms. Dimanche.[15]

---

[14] Lipchitz v. Raytheon Co., 434 Mass. 493 (2001); Wynn v. Wynn v. MCAD, 431 Mass. 655 (2000), *overruled on other grounds*, Stonehill College v. MCAD, 441 Mass. 549 (2004); Johansen v. NCR Comten, Inc., 30 Mass. App. Ct. 294, 300-02 (1991); *see also* Northeast Metro. Reg'l Vocational Sch. Dist. Sch. Comm. v. MCAD, 31 Mass. App. Ct. 84, 89 n.1 (1991). *Cf.* Brownlie v. Zanzaki Specialty Papers, Inc., 44 Mass. App. Ct. 408, 416-19 (1998) (discussing shifting burdens in mixed motive case versus pretext issues).

[15] Lipchitz v. Raytheon Co., 434 Mass. 493 (2001); Wynn v. Wynn v. MCAD, 431 Mass. 655 (2000), *overruled on other grounds*, Stonehill College v. MCAD, 441 Mass. 549 (2004); Johansen v. NCR Comten, Inc., 30 Mass. App. Ct. 294, 300-02 (1991); *see also* Northeast Metro. Reg'l Vocational Sch. Dist. Sch. Comm. v. MCAD, 31 Mass. App. Ct. 84, 89 n.1 (1991). *Cf.* Brownlie v. Zanzaki Specialty Papers, Inc., 44 Mass. App. Ct. 408, 416-19 (1998) (discussing shifting burdens in mixed motive case versus pretext issues).

Back Pay

**INSTRUCTION NO. 6**

The plaintiff is entitled to back pay, which is the amount of the plaintiff's lost earnings from the date of the adverse employment decision until today. This includes all, lost pay, employment benefits, retirement amounts, and health insurance benefits that would have accumulated but for the defendant's discriminatory conduct. However, you should decrease this amount by any earnings and benefits received by the plaintiff from another employer since the date of the adverse employment action.[16] Such decrease would not apply to retirement benefits. That amount need not be reduced at all.

---

[16] Conway v. Electro Switch Corp., 402 Mass. 385, 388-89 (1988); *Black v. Sch. Comm. of Malden*, 369 Mass. 657, 661-62 (1976).

Retaliation

**INSTRUCTION NO. 7**

In addition to being subjected to discriminatory acts, Ms. Dimanche also claims that the MBTA retaliated against her because she complained as to discriminatory acts which had been imposed upon her. To recover, Ms. Dimanche must prove to you by a preponderance of the evidence the following elements:

1. She engaged in protected activity which would include making complaint as to discriminatory conduct;

2. The MBTA employees were aware of this complaint;

3. The MBTA thereafter took an adverse employment action against Ms. Dimanche; and

4. But for Ms. Dimanche's protected activity, the MBTA would not have taken the adverse employment action against her.[17]

## Adverse Employment Action Defined

**INSTRUCTION NO. 8**

In order for Ms. Dimanche to establish that he suffered an adverse employment action, she must prove to you by a fair preponderance of the evidence that she has been materially disadvantaged in respect to salary, grade, privilege, or other objective terms and conditions of employment. Such adverse employment action could include being called a "black bitch," causing her to suffer emotional distress, inflicting discriminatory acts as to her, or terminating her. A threat, including a threat to act adversely to the employee, may also itself be an adverse employment action.

---

[17] Bain v. City of Springfiled, 424 Mass. 758, 764-65 (1977); MacCormack v. Boston Edison Co., 423 Mass. 652, 662-3 (1996); Sheelock Coll. V. MCAD, 371 Mass. 130, 138 (1976); Ruffino v. State Bank & Trust Co., 908 F. Supp. 1019, 1044 (D. Mass. 1995).

Retaliation and Temporal Proximity

**INSTRUCTION NO. 9**

You are permitted to infer retaliation from the timing and sequence of events. The inference may be drawn if adverse action is taken against a satisfactorily performing employee in the immediate aftermath of the employer's becoming aware or the employee's protected activity or where adverse employment actions follow close on the heels of protected activity. In other words, close temporal proximity between the protected activity and the adverse employment action permits an inference of the causal nexus necessary for a finding of retaliation.[18]

---

[18] Pardo v. Gen. Hosp. Corp., 446 Mass. 1, 19-20 (2006) (clarifying that where there is conflicting evidence relevant to the inferences on which this instruction would be based, a judge retains broad authority about whether to include it); see also Mole v. University of Massachusetts, 442 Mass. 582, 592 (2004) ("That an employer knows of a discrimination claim and thereafter takes some adverse action against the complaining employee does not, by itself, establish causation . . . . However, if adverse action is taken against a satisfactorily performing employee in the immediate aftermath of the employer's becoming aware of the employee's protected activity, an inference of causation is permissible."); Chi Shang Poon v. Massachusetts Inst. Of Tech., 74 Mass. App. Ct. 185, 200 (2009) (substantial interim between alleged retaliation and protected conduct can break causal connection); Ciccarelli v. School Dept's of Lowell, 70 Mass. App. Ct. 787, 793-94 (2007) ("a jury may infer such causation if the adverse action occurs immediately after the employer becomes aware of the protected action"); Ritchie v. Dep't of State Police, 60 Mass. App. Ct. 55, 666 (2004).

Emotional Distress

**INSTRUCTION NO. 10**

If you find that Ms. Dimanche has been discriminated against, you may also award her reasonable damages for her emotional distress. Emotional distress includes mental pain, discomfort, indignity, depression, fear, anxiety, or humiliation suffered as a result of the discrimination. Although uncertainty in the amount of damages does not bar recovery and mathematical precision is not required, you must not speculate, conjecture, or guess in awarding damages.[19]

When considering emotional distress awards, evidence in the form of some physical manifestation of the emotional distress, or evidence in the form of expert testimony, is not necessary to awarding damages. An award must rest on evidence submitted by Ms. Dimanche. Some factors that you should consider include, but are not limited to:

(1) the nature and character of the alleged harm;

(2) the severity of the harm; and

(3) the length of time the complainant has suffered and reasonably expects to suffer.

In addition, the plaintiff must show a sufficient causal connection between the defendant's unlawful act and the plaintiff's emotional distress.[20]

---

[19] Labonte v. Hutchins & Wheeler, 424 Mass. 813, 824 (1997); Bournewood Hosp., Inc. v. MCAD, 371 Mass. 303, 315-17 (1976); Rombola v. Cosindas, 351 Mass. 382, 385 (1966); Agoos Leather Cos. V. Am. & Foreign Ins. Co., 342 Mass. 603, 608 (1962); The MBTA Med. Assoc. v. MCAD, 76 Mass. App. Ct. 1126 (2010) (unpublished Rule 1:28 opinion); Franklin Publ'g Co. v. MCAD, 25 Mass. App. Ct. 974, 975 (1988); Buckley Nursing Home v. MCAD, 20 Mass. App. Ct. 172, 182 (1985).

[20] Stonehill Coll. V. MCAD, 441 Mass. 549 (2004) (declaring these factors in context of MCAD award); Smith v. Bell Atl., 63 Mass. App. Ct. 702, 710 (2005) (applying those factors to jury award, citing Stonehill as "instructive"); see also Restatement (Second of Torts § 905, cmt. I and § 912, 917 (1979).

## Punitive Damages

### INSTRUCTION NO. 11

If you find that the MBTA has intentionally discriminated against Ms. Dimanche, you may consider whether punitive damages are warranted. Punitive damages are different from compensatory damages. Unlike compensatory damages, which compensate the victim for the harm she has suffered, the purpose of punitive damages is to punish the MBTA for conduct that is outrageous because of its evil motive or reckless indifference to the rights of others. Punitive damages are appropriate where the defendant's misconduct is extraordinary and warrants condemnation and deterrence.

In determining the amount of a punitive damage award, if any, you should consider:

1. The character and nature of the defendant's conduct;

2. The defendant's wealth, in order to determine what amount of money is needed to punish the defendant's conduct and to deter any future acts of discrimination;

3. The actual harm suffered by the plaintiff; and

4. The magnitude of any potential harm to other victims if similar future behavior is not deterred.

If you do award punitive damages, you should fix the amount by using calm discretion and sound reason.[21]

---

[21] Borne v. Haverhill Golf & Country Club, Inc., 58 Mass. App. Ct. 306 (2003); Dartt v. Browning-Ferris Indus., Inc., 427 Mass. 1, 16-17 (1998); Bain v. City of Springfield, 424 Mass. 758, 767-68 (1997); Labonte v. Hutchins & Wheeler, 424 Mass. 813, 826-27 (1997); Restatement (Second) of Torts § 908(2) (1979). See Cormier v. Pezrow New England, Inc., 437 Mass. 302, 303 (2002); Brownlie v. Kanzaki Specialty Papers, Inc., 44 Mass. App. Ct. 408, 409 (1998). See G.L. c. 151B, § 9. The Appeals Court has affirmed double/treble damages where evidence demonstrated the employer was on actual notice of the discriminations laws, see Brownlie v. Kanzaki Specialty Papers, Inc., 44 Mass. App. Ct. 408, 414 (1998), yet refused to award damages where the employer mistakenly believed its actions were lawful. See Gates v. Flood, 57 Mass. App. Ct. 739, 745 n.13 (2003). BMW of N. Am., Inc. v. Gore, 517 U.S. 559 (1996); Labonte v. Hutchins & Wheeler, 424 Mass. 813, 826-27 (1997); Bain v. City of Springfield, 424 Mass. 758

---

(1997). See also G.L. c. 151B, § 9; Kelley v. American Airborne Freight Corp., 140 F.3d 335 (1st Cir. 1998); Brownlie v. Kanzaki Specialty Papers, Inc., 44 Mass. App. Ct. 408, 420 (1998).