

FILED
In Open Court
USDC, Mass.
Date 10/19/16
By J. Gaudet
Deputy Clerk

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHELLE DIMANCHE,<br>    *Plaintiff,*<br><br>v.<br><br>MASSACHUSETTS BAY TRANSPORTATION AUTHORITY, WILLIAM MCCLELLAN, STEPHANIE BRADE, SHERYL REGISTER, MAXINE BELL, FRED OLSON, and CHERYL ANDERSON,<br>    *Defendants* | C.A. 15-10037-WGY |

## MOTION OF DEFENDANT MBTA
## FOR A JUDGMENT AS A MATTER OF LAW

The Defendant, MBTA, herby moves this Court to find that Plaintiff, Michelle Dimanche, has not but forth sufficient evidence for the jury to find in its favor and enter judgment as a matter of law in its favor pursuant to Fed. R. Civ. P. 50. As reason for this motion, Defendant states that based upon the evidence Plaintiff has presented, no reasonable jury could conclude that the determinative factor in the discharge of the Plaintiff was race discrimination. Therefore, Defendant requests this Court to resolve the Plaintiff's claims for race discrimination in Counts I and II in its favor and dismiss Plaintiff's complaint in its entirety.

### TRIAL TESTIMONY AND EVIDENCE

According to Plaintiff, on January 25, 2013, she had been assaulted by a co-worker, Gilberthe "Gigi" Pierre-Millien, a Black woman who speaks Haitian French Creole. Pierre-Millien harassed, cursed and spat at her. This altercation took place in the Operators Lobby at Riverside Station. No one was in the Operators Lobby to witness the altercation. Plaintiff exited the Lobby and proceeded on her regularly scheduled trip.

1

According to Plaintiff, Pierre-Millien fabricated a story that Plaintiff had harassed, cursed and spat at her. Plaintiff had an acrimonious relationship with Pierre-Millien since 1997 when they vied for the affections of the same man, who eventually married Dimanche. As a result of the fabrication, MBTA police removed her from her trolley route and returned her to Riverside where she wrote a statement. Plaintiff was placed on paid administrative leave pending the investigation. The MBTA thereafter wrongfully and unfairly found her to be the aggressor. She was charged with violating the general conduct rules. At that time she had already received a five (5) day suspension and placed on final warning status. A thirty day suspension and recommendation for discharge was the next level of discipline.[1] She was discharged in February 2013.[2]

Plaintiff has also provided testimony that there had existed a racially charged environment on the Green Line in 2009 and continuing in which she was subjected to racial remarks and gesture. However, Plaintiff has not provided evidence that the decision makers responsible for her thirty (30) day suspension and discharge acted with racial motivations. Plaintiff entered the memorandum of investigation from MBTA Night Supervisor Rico Gomes. There is no evidence that the conclusions within that report were motivated by race. Indeed, the decision as to who was the aggressor was between two black women. Accordingly, Plaintiff cannot prove essential elements to her claims and the MBTA is entitled to judgment as a matter of law,

To establish a prima facie case, Plaintiff must demonstrate that she: (1) is a member of the protected classes; (2) was satisfying the normal requirements of the job; (3) was disciplined; and (4) there exist employees in comparable positions who are not in her protected class who engaged in similar conduct but were not disciplined and were not discharged. *Trs. of Health &*

---

[1] The MBTA Discipline Policy was entered as evidence by Plaintiff.
[2] Plaintiff testified that she was discharged in February 2013. The Letter of discharge is dated in March 2013. The date does not affect the analysis.

*Hosps. of City of Boston, Inc. v. MCAD*, 871 N.E.2d 444, 453, 449 Mass. 675 (2007). Plaintiff cannot establish a prima facie case of disparate treatment discrimination based upon race/national origin as she presented no evidence that White employees who were similarly situated to her, being on a Final Warning under the MBTA Discipline Policy, were treated more favorably than she.

In regard to the claim of racial harassment, Pierre-Millien and Plaintiff are both Black women from Haiti. Plaintiff did not claim racial harassment at the time of her discipline and no supervisor suspected racial discrimination as both percipients are of the same race.

In addition to her discharge, Plaintiff alleges in her Complaint that racial harassment is demonstrated by an incident involving Black female co-workers: Stephnie Brade and Maxine Bell. Plaintiff has testified, without any evidentiary support, that there was race discrimination in this situation because these Black female co-workers were told by unknown White supervisors to harass Plaintiff. This is simply not testimony that any reasonable jury find that race discrimination was at play.

The Plaintiff did not meet her threshold burden in this case. Plaintiff offered no evidence to establish that the MBTA took any adverse employment action against her based on her race. Indeed, but for bald assertions that she was discriminated against based on her race, Plaintiff pointed to no specific incidents or facts upon which she bases his allegation. To defeat a motion for a directed verdict, "...the nonmoving party may not rest upon the mere allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for [the jurors]." Goldman v. Bank of Boston, 985 F.2d 1113, 1116 (1st Cir. 1993)(quoting Fed. R. Civ. P. 56(e); citing Anderson v. Liberty Lobby, Inc., 477 U.S. at 242, 248, 106 S.Ct. 2505, 2510 (1985); see also Lipsett v. University of Puerto Rico, 864 F.2d 881, 894-95 (1st Cir.

1988)(citations omitted). Subjective feelings or perceptions that the Defendant was motivated by an unlawful animus does not rise to a jury question. See, e.g., Pilgrim v. Trustees of Tufts College, 118 F. 3d 864, 871, (1st Cir. 1997). The Plaintiff's evidence is insufficient to withstand a directed verdict on her disparate treatment claim.

WHEREFORE, the Defendant submits that there is insufficient evidence, as a matter of law, for a jury to render a verdict for the Plaintiff.

        Respectfully submitted,
        for the MBTA,

By: /s/ Kevin S. McDermott
     Kevin S. McDermott, BBO# 544513
     Assistant General Counsel
     MBTA Law Department
     10 Park Plaza, Suite 7760
     Boston, MA 02116-3974
     (617) 222-4756
     kmcdermott@mbta.com

I certify that there was service by hand upon counsel for Plaintiff this October 19, 2016.

        /s/ Kevin S. McDermott
        Kevin S. McDermott